MIGUEL ANGEL RODRÍGUEZ, demandante y recurrido, *v.* COMMONWEALTH INSURANCE CO., WILFREDO CORUJO, haciendo negocios como GARAGE CORUJO; MIGUEL MONTAÑEZ, haciendo negocios como GARAGE MONTAÑEZ, demandados y recurrente el segundo.

*Número:* R-76-47      *Resuelto:* 27 de mayo de 1976

*Armando Chaar Padín,* abogado del recurrido; *Jorge R. Díaz Aquino,* abogado del recurrente.

RESOLUCIÓN

En el caso de autos, el 14 de abril de 1976, dictamos la siguiente Resolución:

"Informe el Juez Administrador del Tribunal Superior, Sala de San Juan, dentro de diez días de haber sido notificado de esta resolución, las circunstancias en las cuales se concedió al demandante-recurrido la transcripción de evidencia contrario a lo dispuesto en la Regla 13(a) de las de Administración del Tribunal de Primera Instancia. Copia de esta resolución deberá notificarse al abogado de la parte recurrida."

Tanto el Juez Administrador Hon. Daniel E. López Pritchard como el abogado del demandado recurrido Lic. Armando Chaar Padín han comparecido. El segundo expone que la autorización de la transcripción fue concedida por el Juez Hon. Roberto Schmidt Monge pues ". . . no era para ser utilizada para fines de revisión o apelación, sino para refrescar [. . . su] memoria . . . y ajustar sus afirmaciones en la contestación [a la Orden de Mostrar Causa] a la verdad de lo declarado en juicio . . . ."

La Regla 13(a) de las de Administración del Tribunal de Primera Instancia conjuntamente con la Regla 18(b) de nuestro Reglamento establecen claramente que cuando cualquiera de las partes en un recurso interese una copia total o parcial de la transcripción de evidencia, lo solicitará y justificará ante este Tribunal, el cual discrecionalmente autorizará o denegará la misma. La adopción de las anteriores reglas se hizo necesaria debido a que la indiscriminada concesión de transcripciones de evidencia ha causado una congestión en la preparación de las transcripciones que retardaba innecesariamente—con grave perjuicio a la administración de la justicia—el perfeccionamiento de los trámites apelativos y a la solución final de las controversias judiciales.

■ Las disposiciones reglamentarias mencionadas exige de todo abogado su estricto cumplimiento, ya que la obtención de una transcripción de evidencia sin autorización de este Tribunal no sólo obstaculiza la solución del problema que se trata de resolver, sino que da una ventaja indebida a una parte sobre otra, afecta el orden de turnos correspondientes y la preparación y presentación de aquellas previamente autorizadas.

No ha lugar a la moción del recurrido solicitando se le permita unir copia de la transcripción de la evidencia.

Lo acordó el Tribunal y certifica la Secretaria Interina.

(Fdo.) Carmen Lesbia Colón

*Secretaria Interina*